IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARION WARREN | § | |
| v. | § | CIVIL ACTION NO. 6:11cv388 |
| WARDEN RUPERT, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Marion Warren, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se,* filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the lawsuit pursuant to 28 U.S.C. §636(c). As Defendants, Warren named Warden Rupert, Lt. Christopher Poole, Sgt. Larry Young, and Officer L.S. Shead.

An evidentiary hearing was conducted on October 17, 2011, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing and in his complaint, Warren stated that in June of 2010, he was at the Coffield Unit. He filled out a confidential informant form with the Office of the Inspector General, working with an officer named Cleland, who secured the assistance from a lieutenant named Hatt. Cleland was conducting an investigation into smuggling of contraband onto the unit by officers, and cell searches were done, including searches by Sgt. Young.

Warren stated that Young became angry with him over this, and retaliated against him by writing Warren a disciplinary case for an incident which did not occur. As a result of this case, Warren states that he was moved from P-6 dormitory to P-4 cell housing; he stated in his amended complaint that Young told Officer Whitten to announce to the dayroom that Warren was a "rat," which Whitten did when Young arrived.

Warren filed a life endangerment complaint against Young on May 14, 2010, and the investigation was conducted by Lt. Poole. Warren says that while he was in the office, Poole picked up the phone, called Young, and said "say dog, I got this fool in my office filing an investigator protection investigation on you." Poole then said Warren's name, followed by "all right, I'll let you know." Warren says that Poole "wrote the matter off as being frivolous to release his friend."

In May of 2011, Warren says, Officer Shead began writing him false disciplinary cases, noting that he had filed grievances against her. He says that at the time that one of the cases charged that he had threatened her, he was already in pre-hearing detention. He stated that Shead wrote three false disciplinary cases against him, and that as a result, he lost his "line class." Warren stated that he was supposed to be eligible for parole next year but that he could not be considered for parole unless his line classification was restored. He again filed life endangerment complaints, but these were blocked by Poole, who said that Warren "could not file a life endangerment claim on an officer."

## Legal Standards and Analysis

Warren contends that Sgt. Young filed a false disciplinary case on him in retaliation for his having served as an informant for the Office of the Inspector General, and that Shead filed false disciplinary cases on him in retaliation for his having filed grievances on her. These claims require further judicial proceedings.

Warren also states in his amended complaint that Young told Whitten to announce to the P-4 dayroom that he, Warren, was a "rat." As a general rule, prison officials have a duty not to be deliberately indifferent to an inmate's health or safety, and disclosure that an inmate has been an informant can amount to such deliberate indifference. Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003); David v. Hill, 401 F.Supp.2d 749, 757 (S.D.Tex. 2005); see also Irving v. Dormire, 519 F.3d 441, 451 (8th Cir. 2008).

In the present case, however, Warren has not shown, nor even alleged, that he suffered any harm as a result of these actions. See Castellano v. Treon, 79 Fed.Appx. 8, 2003 WL

22391227 (5th Cir., October 21, 2003); <u>Doe v. Welborn</u>, 110 F.3d 520, 524 (7th Cir. 1997). Consequently, this claim is without merit.

Warren sued Warden Rupert, explaining at the hearing that he had filed grievances giving the warden the opportunity to take corrective action, but nothing had been done. He conceded that he had not received any false disciplinary cases from Rupert.

The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* <u>Edmond v. Martin, et al.</u>, slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); <u>Thomas v. Lensing, et al.</u>, slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). Warren's complaint against Warden Rupert is that the warden did not investigate his grievances and resolve them to his satisfaction. This claim is without merit.

Similarly, Warren also complains that Lt. Poole did not investigate his life endangerment claims to his satisfaction. He says that Poole called Sgt. Young and talked to him in familiar terms, and that since that time, Poole has not investigated any of his claims but has said that they are "repetitive." A review of Warren's prison records shows that on May 14, 2010, Poole conducted a life endangerment investigation of Warren's claim that his life was in danger because he was an informant for Cleland and Hatt. Cleland could not be contacted and Hatt denied that Warren was an informer for him. Poole concluded that he could not substantiate Warren's allegations.

After a number of investigations were conducted by other officers, the next investigation conducted by Poole was in July of 2011. This investigation was commenced because of a letter written by Warren reading as follows:

> Director of TDC: I wrote to your office in request of assistance because my well-being here at the Coffield is at risk. Both gang members and officers work with them are imposing a serious threat to my being. On June [sic] I was interviewed by Lt. C.

3

>Poole at the STG office who showed me a copy of the letter I sent to your office. He claim that an offender cannot file an OPI [offender protection investigation] on an officer but he would investigate my allegations. Absolutely nothing has been done to investigate and correct my problem.
>
>Lt. Matthews also filed an OPI on my behalf. I have not once been seen by classification. I have requested the assistance of the Office of the Inspector General, who has also failed to acknowledge my right to equal protection of the laws. I am, again, notifying your office of this neglect along with the office U.S. Senate Kay Bailey Hutchison, Bob Deuell, and the justice office in Anderson County.
>
>At this point because of the criminal intent of the unit warden here at H.H. Coffield and his designates, I am requesting unit transfer immediately. I have been cutting on myself and attempted to hang myself, etc., because I can no longer bear the inhumane treatment here by the officials. I HAVE TO GET AWAY DEAD OR ALIVE!! The officers here only encourage and instruct me on how to kill myself and offer me things to do it with. I am truly at a breaking point where I am about to lose control of everything, and I am pleading for help before I am manipulated to kill myself or someone else. Thank you.

On July 22, 2011, Poole wrote a report to Rupert about his investigation. According to this report, Poole interviewed Warren, who said that he did not think that any investigation had been completed. Poole told him that once the Unit Classification Committee reviews the allegations, if a decision is made that there is no evidence to support the allegations, future claims on the same basis will be considered repetitious. Warren stated that he wrote the letter, and so he was told that he would get a disciplinary case for threatening to harm staff or an employee because of his statement about wanting to kill someone. Warren became uncooperative at that point and was taken to the psych department, where it was determined that he was not a threat to himself and he was released back to his assigned cell.

Poole also stated that Warren had been downgraded in level, to G-4 (medium custody) since his last request, but he has not been housed in the G-4 area because he has been in transient, pre-hearing detention, or solitary confinement since April 7, 2011. The allegations of threats by staff were directed toward individuals in general population and not the G-4 housing area. Poole observed that Warren had made allegations for which he had been reviewed on March 21, April 7, May 6, May 9, May 23, and June 13, 2011, as well as May 14 and October 25 of 2010.

Warren has not shown any constitutional violations on the part of Lt. Poole. The fact that Poole did not conduct an investigation to Warren's satisfaction does not amount to a constitutional claim, and while Poole gave Warren a disciplinary case for threatening to inflict harm, the last line of Warren's letter makes reference to being manipulated to kill himself or someone else. Warren has not shown that but for an alleged retaliatory motive, he would not have received this case. *See* Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (retaliation claim requires a showing that but for the alleged retaliatory motive, the action complained of would not have occurred). His claims against Lt. Poole are without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Warren's complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted against the Defendants Warden Rupert and Lt. Christopher Poole. It is accordingly

ORDERED that the Plaintiff's claims against the Defendants Warden Rupert and Lt. Poole are hereby DISMISSED with prejudice as frivolous. It is further

ORDERED that the Defendants Warden Rupert and Lt. Poole are hereby DISMISSED as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against the Defendants Officer Shead and Sgt. Young. Finally, it is

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

**So ORDERED and SIGNED this 14th day of November, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE