IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARION C. WARREN | § | |
| v. | § | CIVIL ACTION NO. 6:11cv388 |
| JOHN RUPERT, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Marion Warren, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was originally referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges; however, the parties have subsequently consented to allow the undersigned Magistrate Judge to enter final judgment in the case pursuant to 28 U.S.C. §636(c).

Warren filed a motion for a temporary restraining order asking that prison officials be prohibited from placing him into general population until the case is over. He says that general population is "a life threatening environment" and that "gang members and officers desire to cause me harm, even death."

On February 15, 2012, prior to the transfer of the case to the docket of the Magistrate Judge pursuant to the consent of the parties, the undersigned Magistrate Judge issued a Report recommending that the Plaintiff's motion for a temporary restraining order be denied. Warren filed objections to the Report saying that the prison officials could not have adequately investigated his claims in 24 hours and that the investigation was done with "carelessness of heart." He claimed that the investigators did nothing more than take a statement from him and then write a report based on

1

their own personal opinions. He says that the Coffield Unit is "infested with drugs, cell phones, prostitution, and officials, employed by TDCJ-Coffield, who are assisting gang members in overseeing organized crime."

Warren went on to says that on February 12, 2012, he received a threat from an inmate belonging to the "Crips." He told officers about the threat and was placed in pre-hearing detention for refusing a housing assignment, but the disciplinary case shows that Warren refused to accept the assignment because it was a racially integrated cell.

After receipt of Warren's objections, the Court ordered the prison officials to file a response. This response was filed on June 27, 2012.

In their response, the prison officials state that Warren's claims of life endangerment have been reviewed numerous times and found to have an insufficient evidentiary basis. Specifically, they note that Warren's housing status was reviewed on December 8, 2011 and on January 9, January 31, February 24, February 28, February 29, March 2, March 14, March 21, March 27, April 5, April 18, May 4, May 7, June 8, and June 11, 2012. None of these investigations could substantiate Warren's claims.

The prison officials further note that the investigation of February 24, 2012, specifically addressed the complaint raised in Warren's motion, and found no evidence to substantiate it. The prison officials also note that although Warren has been mostly housed in general population since April 9, 2012, he has not been harmed, nor have any new threats become apparent since the alleged encounter in February. The Defendants state that every life endangerment allegation made by Warren has been investigated and have been determined to be unfounded or unsupported by credible evidence. Warren has not replied to the Defendants' response despite having been given a deadline in which to do so.

Warren's objections to the Report are insufficient to overcome his "onerous burden of proof" to show that he is entitled to the issuance of a temporary restraining order. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983). Conclusory allegations and speculative

injuries do not suffice to show entitlement to injunctive relief. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991); Chacon v. Granata, 515 F.2d 922, 925 (5th Cir. 1975). Although Warren asserts that he is in danger, he offers nothing beyond conclusory allegations and speculative injuries to support this claim, nor anything beyond these to rebut the evidence provided by the prison officials that his claims have been repeatedly investigated. Warren's objections are without merit.

The Court has reviewed the pleadings in the case as well as the Report of the Magistrate Judge originally issued, the Plaintiff's objections thereto, and the prison officials' response to these objections. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 27) is hereby ADOPTED as the opinion of the Court. It is further

ORDERED that the Plaintiff's motion for a temporary restraining order (docket no. 22) is hereby DENIED.

**So ORDERED and SIGNED this 9th day of August, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE